May 2, }
  1933. }

CHARLES W. THOMPSON & a.

*v.*

BOSTON & MAINE RAILROAD.

*Demond, Woodworth, Sulloway & Rogers* (*Mr. Demond* orally), for the defendant.

PEASLEE, C. J.   The specific question transferred by the commission is whether it has authority "to authorize or permit abandonment of ... service ... rendered by a railroad."   It has no such authority. Its jurisdiction in the matter of service is defined by the statute, "Whenever the commission shall be of the opinion ... that the ... appliances or service of any railroad ... are ... inadequate, the commission shall determine the ... service thereafter to be ... provided, and shall fix and prescribe the same by order ...."   P. L., c. 238, s. 21.

The jurisdiction thus conferred is clearly limited. The commission, upon complaint or of its own motion (*Ib.*) may correct deficiencies in service; but it is not given power to grant in advance, upon petition of the railroad, the right to abandon service. *Petition of Boston & Maine R. R.* 82 N. H. 116.

Implicit in the transfer, however, is the further question what jurisdiction the commission has to order restoration of service which has been abandoned, either permanently or temporarily. And this in turn involves the issue of what right the railroad has so to abandon service of its own motion.

These matters were not involved in the case just cited. The question there presented was whether the commission had power to grant authority to discontinue service, and thereby confer upon the railroad a right which it did not theretofore have.

In the absence of specific charter or statutory obligation, it is evident that a public service agency is under no obligation to continue to offer a service which the public will not use, where the offer is a financial burden, and where it is unreasonable to demand its continuance.

The original charter of the Portsmouth & Dover Railroad contained no provision for compulsory service. Laws 1866, c. 4318. The only general law applicable is the provision that "The proprietors of a railroad shall keep their railroad in good repair, shall not discontinue it nor any part of it, except as permitted by law, shall discharge their duties in carrying passengers and freight agreeably to the proper object and purpose of such railroad . . . ." P. L., c. 247, s. 9.

The railroad referred to in the first clause is manifestly the physical property. It does not include the franchise duty to operate. The provision against discontinuance follows that relating to repairs, but precedes that as to operation. The plant, the right of way, etc., were not to be discontinued. The operation was to be "agreeably to the proper object and purpose of such railroad." This leaves the operating duty to be ascertained upon common-law doctrines; and, as before stated, those doctrines do not compel an unnecessary, unreasonable and wasteful operation.

Nor is it to be said that this leaves the public at the mercy of the railroad. If its cessation or curtailment of service is unreasonable, the commission has power to order restoration thereof. This has frequently been done in the past as to minor items of service.

At the hearing before this court, it was announced that the petitioners had withdrawn. That does not deprive the commission of

jurisdiction. If it is their view that the matter should be investigated it is their duty to proceed. If they do proceed, the result will depend upon their finding of fact as to the reasonableness or otherwise of the proposed cessation of service.

*Case discharged.*

All concurred.